NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1320

MICROSTRATEGY INCORPORATED,

Plaintiff-Appellant,

v.

BUSINESS OBJECTS AMERICAS
(Successor by merger to Crystal Decisions, Inc.),

Defendant-Appellee.

William F. Lee, Wilmer Cutler Pickering Hale and Dorr LLP, of Boston, Massachusetts, argued for plaintiff-appellant.  With him on the brief were Joseph J. Mueller and Pratik A. Shah.  Of counsel on the brief was William G. McElwain, of Washington, DC.  Of counsel were Joseph P. Lavelle and Peter E. Moll, Howrey LLP, of Washington, DC.

Daniel J. Furniss, Townsend and Townsend and Crew LLP, of Palo Alto, California, argued for defendant-appellee.  With him on the brief were Joseph A. Greco, Gary H. Ritchey, and Thomas F. Fitzpatrick.  Of counsel on the brief were Josy W. Ingersoll, and John W. Shaw, Young Conaway Stargatt & Taylor LLP, of Wilmington, Delaware.

Appealed from:  United States District Court for the District of Delaware

Judge Kent A. Jordan

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1320

MICROSTRATEGY INCORPORATED,

Plaintiff-Appellant,

v.

BUSINESS OBJECTS AMERICAS
(Successor by merger to Crystal Decisions, Inc.),

Defendant-Appellee.

_____

DECIDED:  June 25, 2007

_____

Before MAYER, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PROST, <u>Circuit Judge</u>.

MicroStrategy Inc. ("MicroStrategy") appeals a decision by the United States District Court for the District of Delaware granting summary judgment of noninfringement of claims 7, 8, and 21 of U.S. Patent No. 6,279,033 ("the '033 patent") by Business Objects Americas ("Business Objects"), and summary judgment of invalidity of claims 1, 2, 4-6, 9, 10, and 13 of U.S. Patent No. 6,658,432 ("the '432 patent") and claims 1, 4, 7, 8, 11, and 18 of U.S. Patent No. 6,567,796 ("the '796

patent"). MicroStrategy Inc. v. Bus. Objects Ams., 410 F. Supp. 2d 348, 351 (D. Del. 2006). Because the district court's grants of summary judgment were correct, we affirm.

## I. BACKGROUND

On December 13, 2003, MicroStrategy sued Crystal Decisions, Inc., which was acquired by Business Objects one day later, for infringement of the '033, '432, and '796 patents. These patents relate to business intelligence software that retrieves, organizes, and analyzes data stored in large databases to assist users making business decisions. As such, this software is sometimes referred to as a "decision support system." In particular embodiments, decision support systems may be implemented through network-based user interfaces that allow a user to submit a request for a particular report through a web browser. '033 patent, col. 3, ll. 30-31; '432 patent, col. 1, ll. 61-64. The resulting report may then be directed to the web browser and/or other devices such as fax machines, pagers, telephones, and electronic mail. '796 patent, col. 5, ll. 54-63. "One type of decision support system is known as an on-line analytical processing system ('OLAP')." '033 patent, col. 1, ll. 49-50; '432 patent, col. 1, ll. 20-22; '796 patent, col. 1, ll. 59-60. The three patents-in-suit are generally directed to systems and methods for improving the operation of such systems.

After construing the disputed claim terms, the district court granted summary judgment that Business Objects did not infringe claims 7, 8, and 21 of the '033 patent. MicroStrategy, 410 F. Supp. 2d at 361. The district court also granted summary judgment that claims 6, 9, 10, and 13 of the '432 patent were indefinite under 35 U.S.C. § 112, ¶ 2. Lastly, the district court granted summary judgment that claims 1, 2, 4, and

5 of the '432 patent and claims 1, 4, 7, 8, 11, and 18 of the '796 patent were invalid under 35 U.S.C. § 102(b). Id. at 363-65.

MicroStrategy appeals the grant of summary judgment of noninfringement of claim 7 of the '033 patent, and the grants of summary judgment of invalidity of claims 1, 2, 4-6, 9, 10, and 13 of the '432 patent and claims 1, 4, 7, 8, 11, and 18 of the '796 patent. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Standard of Review

This court reviews a district court's grant of summary judgment without deference, applying the same standard as the district court and drawing all reasonable inferences in favor of the nonmovant. Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1372 (Fed. Cir. 2005). Claim construction and indefiniteness are questions of law that we review de novo. Intellectual Prop. Dev., Inc. v. UA-Columbia Cablevision of Westchester, Inc., 336 F.3d 1308, 1318 (Fed. Cir. 2003). Anticipation, on the other hand, is a question of fact that we review for clear error. See Medichem, S.A. v. Rolabo, S.L., 353 F.3d 928, 933 (Fed. Cir. 2003).

### B. Noninfringement of Claims 7 and 8 of the '033 Patent

On appeal, MicroStrategy argues that the district court misconstrued claim 7 of the '033 patent, and that, therefore, the district court's infringement analysis of claim 7 was incorrect.

Claim 7 recites:

A network-based system for enabling users connected via a network user interface over the network to an OLAP system to asynchronously submit requests for reports to be processed by an OLAP system, the network-based system comprising:

report receiving means for receiving a request from an instance of the network user interface for the OLAP system to process a report;

storage means for storing a report entry for reports that have been requested, including reports requested by other users and reports that are being processed;

report control means for adding a request by that user to the report entry of a particular report in the report list if the report requested by the user is substantially the same as that particular report contained in the report list so that a report is processed once and a result from the report is provided to each user making a request for that report; and

on-line analytical processing means for generating requested reports.

In construing the claim, the district court held that the preamble, particularly the term "asynchronously," was a limitation. MicroStrategy, 410 F.Supp.2d at 358. The district court then construed the asynchronously submitted requests referred to in the preamble to be the requests that the report control means checks against the list of previously submitted requests for substantial similarity. Id. On appeal, MicroStrategy does not disagree that the term "asynchronously" is a limitation of the claim; however, it contends that the district court erred in construing the "report control means" to operate in response to asynchronously submitted requests. MicroStrategy argues that the preamble of claim 7 only requires that the system enable users to asynchronously submit requests, and that this does not foreclose the system from also enabling users to synchronously submit requests. In other words, MicroStrategy contends that the requests referred to in the body of claim 7 need not be the asynchronously submitted requests referred to in the preamble. Instead, MicroStrategy contends that the requests referred to in the body could be synchronously submitted and unrelated to the asynchronously submitted requests mentioned in the preamble.

In support, MicroStrategy cites claims 17 and 21 of the '033 patent, which recite "method[s] of asynchronously processing requests for reports to processed by an OLAP

system." According to MicroStrategy, the difference in claim language between claim 7 and claims 17 and 21 indicates the patentee did not intend to limit claim 7 to asynchronously submitted requests. This argument, however, is unpersuasive.

The Summary of the Invention of the '033 patent clearly states that one "object of the invention is to provide a system and method enabling users to asynchronously request reports in a multi-user networked OLAP system that compares each request with all requests already processed or being processed by the system to avoid duplicative processing of requests." '033 patent, col. 4, ll. 16-21 (emphasis added). Similarly, figures 1 and 2 of the '033 patent Ilustrate the comparison of the newly submitted request to previously submitted requests as part of the asynchronous operation of the OLAP. Lastly, during reexamination of the '033 patent, MicroStrategy stated that "[e]ach independent claim [including claim 7] recites a feature that specifies asynchronous operation," not merely asynchronous capability.

In light of these statements and disclosures, which inextricably link the comparison of new requests against previously submitted requests with the asynchronous submission of requests to the OLAP, the district court did not err when it construed the requests handled by the report control means to be the asynchronously submitted requests mentioned in the preamble of the claim. The district court's grant of summary judgment of noninfringement was, therefore, not erroneous.

C. Indefiniteness of Claims 6, 9, 10, and 13 of the '432 Patent

MicroStrategy also appeals the district court's grant of summary judgment that claims 6, 9, 10, and 13 of the '432 patent were indefinite and, therefore, invalid under 35 U.S.C. § 112, ¶ 2. According to the district court, the claims were indefinite since the

word "using" in the phrase "the client system using and transmitting the retrieved information to the at least one web server" lacked an object, and there was more than one plausible way to correct the error (i.e., by adding an object or deleting the phrase "using and"). MicroStrategy contends this was error, and that the district court should have instead construed "the retrieved information" to be the object of both "using" and "transmitting."

In determining that the claims were indefinite, the district court relied on <u>Novo Industries, L.P. v. Micro Molds Corp.</u>, 350 F.3d 1348, 1354 (Fed. Cir. 2003), in which we held that a court can only correct an error in a patent if "(1) the correction is not subject to reasonable debate based on the consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims."

MicroStrategy does not dispute that the inclusion of the phrase "using and" in the claims was erroneous, nor does MicroStrategy dispute that there is more than one plausible way to correct this error. MicroStrategy does, however, dispute that this renders the claims indefinite. According to MicroStrategy, even with the error uncorrected, the claims are not "insolubly ambiguous" and are, therefore, subject to construction and not indefinite.

In making this argument, MicroStrategy relies on <u>Bancorp Services, L.L.C. v. Hartford Life Insurance Co.</u> in which we stated:

> [I]f [a] claim is subject to construction, i.e., it is not insolubly ambiguous, it is not invalid for indefiniteness. That is, if the meaning of the claim is discernible, "even though . . . the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds." . . . "[C]lose questions of

> indefiniteness in litigation involving issued patents are properly resolved in favor of the patentee."

359 F.3d 1367, 1371 (Fed. Cir. 2005) (citations omitted). However, the argument MicroStrategy advances, i.e., construing "the retrieved information" to be the object of "using," is the same as one of the corrections considered and correctly rejected by the district court. MicroStrategy's argument does no more than identify a second way to cope with an otherwise indefinite claim term. To credit MicroStrategy's argument would eviscerate our holding in Novo Industries. We decline to do so. Simply put, MicroStrategy cannot make an end run around Novo Industries.

Moreover, even if we were to adopt MicroStrategy's proposed construction and construe "the retrieved information" as the object of "using," the claims would still be indefinite. Although MicroStrategy asserts that "using" and "transmitting" mean the same thing, our case law instructs that different claim terms are presumed to have different meanings. CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of any evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings."); Applied Med. Res. Corp. v. U.S. Surgical Corp., 448 F.3d 1324, 1333 n.3 (Fed. Cir. 2006) ("[T]he use of two terms in a claim requires that they connote different meanings. . . ."). Here, there is no evidence that the terms have the same meaning. Therefore, "using the retrieved information" must be presumed to mean something other than "transmitting the retrieved information." However, without some information in the patent or its prosecution history about the way in which the retrieved information is being used, or for what purpose it is being used, we are unable to discern what that meaning is. Accordingly, even if we were to construe "the retrieved information" to be

the object of "using," claims 6, 9, 10, and 13 of the '432 patent would still be indefinite. As such, the district court's grant of summary judgment of invalidity of these claims was not in error.

### D.  Anticipation of Claims 1, 2, 4, and 5 of the '432 Patent and Claims 1, 4, 7, 8, 11, and 18 of the '796 Patent

MicroStrategy also appeals the district court's grant of summary judgment that claims 1, 2, 4, and 5 of the '432 patent and claims 1, 4, 7, 8, 11, and 18 of the '796 patent were invalid under 35 U.S.C. § 102.  According to MicroStrategy, the prior art "references" relied upon by the district court were not single prior art references and, therefore, cannot be anticipatory under 35 U.S.C. § 102.  MicroStrategy, however, did not raise this issue before the district court.  Instead, trial counsel for MicroStrategy merely included the perfunctory statement that in order "[t]o prove that a patent claim is anticipated by the prior art, a single prior art reference must contain, either explicitly or inherently, all of the elements of the claim." (citing EMI Group N. Am., Inc. v. Cypress Semiconductor Corp., 268 F.3d 1342, 1350 (Fed. Cir. 2001)).  The recitation of the applicable law, however, does not prevent the waiver of an argument unless that recitation is accompanied by an explanation of how the law applies to the facts of the particular case.  Not only did MicroStrategy fail to provide such an explanation, but it also failed to challenge Business Objects' statement that the manuals relied upon "constitute a single prior art disclosure."  Accordingly, MicroStrategy's argument that the prior art manuals are not single references for the purposes of 35 U.S.C. § 102 was waived.

Nonetheless, MicroStrategy contends that there are still genuine issues of fact regarding claims 4 and 5 of the '432 patent and claims 4, 11, and 18 of the '796 patent.

We, however, reject each of these contentions.  Simply put, MicroStrategy failed to raise any issues of material fact regarding claims 4 and 5 of the '432 patent and claims 4, 11, and 18 of the '796 patent before the district court.  As such, the district court's grant of summary judgment of invalidity of those claims was not erroneous.

## III.  CONCLUSION

Because the district court correctly granted summary judgment that claims 7, 8, and 21 of the '033 patent were not infringed by Business Objects and that claims 1, 2, 4-6, 9, 10, and 13 of the '432 patent and claims 1, 4, 7, 8, 11, and 18 of the '796 patent were invalid, we affirm.