NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMIT AGARWAL,**
*Plaintiff-Appellant*

**v.**

**MORBARK, LLC,**
*Defendant-Appellee*

---

2022-1348

---

Appeal from the United States District Court for the Eastern District of Michigan in No. 1:20-cv-12150-TLL-PTM, Judge Thomas L. Ludington.

---

Decided: June 10, 2022

---

AMIT AGARWAL, Tampa, FL, pro se.

ROBERT MICHAEL AZZI, Warner Norcross & Judd LLP, Grand Rapids, MI, for defendant-appellee. Also represented by GAETAN GERVILLE-REACHE.

---

Before LOURIE, PROST, and TARANTO, *Circuit Judges*.

PER CURIAM.

Amit Agarwal, appearing pro se, appeals from a final judgment of the U.S. District Court for the Eastern District of Michigan.  That judgment rested on Mr. Agarwal's conceded inability to prove his patent-infringement claims under the district court's construction of the term "passive sensor."  We affirm.

I

Before the district court, Mr. Agarwal alleged that Morbark, LLC infringed claims of U.S. Patent No. 6,418,004 ("the '004 patent").  Claim 1, the '004 patent's only independent claim, recites in relevant part:

> 1. A wood chipping machine comprising a safety system, said wood chipping machine including:
>
> > . . .
> >
> > at least one *passive sensor* incorporated in a band worn by a user of the wood chipping machine;
> >
> > at least one sensing coil mounted on one of the walls of the chute, the sensing coil generating a signal when the *passive sensor* is in the passage; and
> >
> > means for stopping the chipping blades and/or the feed rollers in response to the signal.

'004 patent claim 1 (emphases added).

The parties disputed the construction of "passive sensor."  A magistrate judge received claim-construction briefing, held a hearing, and issued a report and recommendation construing the term as "a device that uses coils to modify the electromagnetic field which is sensed by a circuit which converts this stimulus into an output as a consequence of sensed proximity without requiring a power source."  *Agarwal v. Morbark, LLC*, No. 20-CV-12150,

2021 WL 5178485, at *1, *4 (E.D. Mich. Aug. 31, 2021) (report and recommendation).

The district judge adopted the magistrate judge's construction over Mr. Agarwal's objection. *Agarwal v. Morbarck, LLC*, No. 1:20-cv-12150, 2021 WL 5150610, at *1, *3–5 (E.D. Mich. Nov. 5, 2021). Mr. Agarwal then conceded that he was unable to prove infringement under that construction and requested that the district court enter final judgment of non-infringement. Observing that Morbark did not oppose that request, the district court granted it and entered final judgment accordingly.

Mr. Agarwal appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

II

We affirm because Mr. Agarwal has not adequately developed an argument for why we should do otherwise.

"It is well established that arguments that are not appropriately developed in a party's briefing may be deemed waived." *United States v. Great Am. Ins. Co. of N.Y.*, 738 F.3d 1320, 1328 (Fed. Cir. 2013) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006)); *see also Kellogg Brown & Root Servs., Inc. v. Sec'y of the Army*, 973 F.3d 1366, 1371 (Fed. Cir. 2020) (noting that failure to "meaningfully brief[]" an issue on which the appellant needed to prevail to achieve its requested relief "alone would justify affirmance"). "The recitation of the applicable law . . . does not prevent the waiver of an argument unless that recitation is accompanied by an explanation of how the law applies to the facts of the particular case." *MicroStrategy Inc. v. Bus. Objects Ams.*, 238 F. App'x 605, 610 (Fed. Cir. 2007) (nonprecedential).

Mr. Agarwal's argument for why the district court's claim construction was erroneous is reproduced in its entirety below:

> The district court imported limitations concerning the construction/operation of the preferred embodiment into the claim scope of "passive sensor" absent lexicography/disclaimer. This was improper under *GE Lighting Solutions, LLC v. Agilight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014).

Appellant's Informal Br. 2.

This argument does not explain how the general principle against importing limitations from preferred embodiments applies to this case; indeed, it doesn't identify what limitations Mr. Agarwal believes the district court erred in importing. Mr. Agarwal's perfunctory presentation of his claim-construction argument amounts to no presentation at all. We therefore deem any claim-construction argument from him waived (or rather, forfeited).[1] *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 862–63 (Fed. Cir. 2020) (distinguishing between waiver and forfeiture). And, having received no developed argument for why we should disturb the district court's judgment, we affirm.

**AFFIRMED**

---

[1]    Although we generally read pro se filings liberally, even assuming (for argument's sake) that doing so would change our assessment of Mr. Agarwal's argument, we decline to do so here because Mr. Agarwal is an attorney admitted to practice before this court. *See, e.g.*, *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (collecting cases supporting the proposition that, at least in civil actions, "a lawyer representing himself ordinarily receives no such solicitude at all").